UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRENCH BROWN,

        Plaintiff,                      No. 14-11398

v.                                      District Judge Linda V. Parker
                                        Magistrate Judge R. Steven Whalen

OAKWOOD HEALTHCARE, INC.,
ET AL.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

On April 7, 2014, Plaintiff French Brown filed a *pro se* civil complaint in this Court, naming Oakwood Healthcare, Inc., Oakwood Hospital, Oakwood Outpatient Dialysis Center, six individuals who are apparently employed by Oakwood Healthcare, Inc., and one "Jane Doe" Defendant. The Defendants filed an answer to the complaint, with affirmative defenses, on May 6, 2014 [Doc. #20]. Before the Court is Mr. Brown's Motion for Default Judgment [Doc. #18], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the motion be DENIED.

**I.    FACTS**

Mr. Brown filed his complaint on April 7, 2014, and summonses were issued the same day. Between April 11 and May 5, 2014, he filed certificates of service on the Defendants, purporting to show service by certified mail. The certificates shown in Doc. #3 through Doc. #12 show that the complaint and summonses were mailed, but do not show return receipts signed by any Defendant. The certificate shown in Doc. #15 and

Doc. #19 show Postal Service tracking information indicating "acceptance," but do not show a signed return receipt signed by and Defendant. The certificate shown in Doc. #16 shows that the summons and complaint was sent to "Oakwood Healthcare and co-defendants," and also shows a return receipt signed on April 21, 2014 by Darryl LNU, but not signed by any Defendant.

Mr. Brown filed the present motion on May 5, 2014. On May 6, 2014, the Defendants, through counsel, filed an answer to the complaint [Doc. #20], and on May 15, 2014, they filed a response to the present motion [Doc. #24].

## II.   DISCUSSION

### A.  No Clerk's Entry of Default

In order for a Plaintiff to obtain a judgment by default, he must first request a Clerk's entry of default pursuant to Fed.R.Civ.P. 55(a).  A default *judgment* is governed by Rule 55(b)(2).  "An entry of default and a default judgment are distinct concepts which must be treated separately." *Northland Ins. Co. v. Cailu Title Corp.,* 204 F.R.D. 327, 330 (W.D.Mich.2000) (quoting *United States v. Topeka Livestock Auction, Inc.,* 392 F.Supp. 944, 950 (N.D.Ind.1975)).  In *Vongrabe v. Sprint PCS,* 312 F.Supp.2d 1313, 1318 (S.D.Cal.2004), the court explained:

> "The section of the rule regarding default is dealt with in Rule 55(a), and the section of the rule regarding judgment is dealt with in Rule 55(b). These sections have separate headings and procedures that are distinct from one another. Thus, a plain reading of Rule 55 demonstrates that entry of default by the clerk is a prerequisite to an entry of default judgment."

*See also Ramada Franchise Sys., Inc.,* 220 F.R.D. 303, 305 (N.D.Ohio 2004) (quoting *Sys. Indus., Inc. v. Han,* 105 F.R.D. 72, 74 (E.D.Penn.1985)) ("Entry of a default ... is a prerequisite to entry of a default judgment under Rule 55(b)."); *DeTore v. Local # 245 of the Jersey City Public Employees Union,* 511 F.Supp. 171, 176 (D.N.J.1981)

("However, no default judgment may be entered under either F.R.Civ.P. 55(b)(1) or (b)(2) unless a default has previously been entered by the clerk under 55(a). Thus, the entry of default is an essential predicate to any default judgment.").

In this case, the Clerk has not entered of default under Rule 55(a). Therefore, Plaintiff is not entitled to a default judgment under Rule 55(b).

### B.   No Proper Service

Service of a Complaint and Summons is governed by Fed.R.Civ.P. 4(c)-(h). Under Rule 4(d), a plaintiff may request waiver of service from a defendant. Request for waiver of service may be sent by "first-class mail or other reliable means," Fed.R.Civ.P. 4(d)(2)(B), and the plaintiff must provide not only a copy of the summons and complaint, but with specific information in a specific form "by means of a text prescribed in an official form promulgated pursuant to Rule 84." Fed.R.Civ.P. 4(d)(2)(D). The notice must also provide "a prepaid means of compliance in writing." Rule 4(d)(2)(G).

If waiver of service has not been obtained and filed, then service of the summons and complaint is governed generally by Rule 4(e), which provides that service may be effected:

> "(1) pursuant to the law of the state in which the district court is located, or in which service is effected...; or
>
> (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process."

Under Michigan law, specifically M.C.R. 2.105(A), service may be effected as follows:

> "(1) delivering a summons and a copy of the complaint to the defendant personally; or

(2) sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee. *Service is made when the defendant acknowledges receipt of the mail. A copy of the return receipt signed by the defendant must be attached to proof showing service under subrule (A)(2)*." (Emphasis added).

Finally, Fed.R.Civ.P. 4(l) requires that "[i]f service is not waived, the person effecting service shall make proof thereof to the court."

Mr. Brown did not request waivers of service from the Defendants, nor did he personally serve any of the Defendants. Rather, he attempted service by certified mail pursuant to M.C.R. 2.105(A)(2). However, none of the certificates of service contains a signed copy of the returned receipt, except for Doc. #16, which shows a receipt signed by one "Darryl," whose last name is illegible. The date of receipt is April 21, 2014. None of the Defendants is named Darryl. Nevertheless, counsel for Defendants acknowledged service and filed an answer on May 6, 2014.

To date there has not been proper service. Even assuming–as did Defendants' counsel–that service was effected on April 21, 2014, the answer would not have been due until May 7, 2014. Thus, the answer was filed timely, and Mr. Brown is not entitled to a Clerk's entry of default, much less a default judgment.

### III.   CONCLUSION

For these reasons, I recommend that Plaintiff's Motion for Default Judgment [Doc. #18] be DENIED.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638

F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen  
R. STEVEN WHALEN  
UNITED STATES MAGISTRATE JUDGE

Dated: June 23, 2014

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on June 23, 2014, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla  
Case Manager to the  
Honorable R. Steven Whalen