UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRENCH BROWN,

       Plaintiff,

v.                                                             Civil Case No. 14-11398
                                                              Honorable Linda V. Parker

OAKWOOD HEALTHCARE, INC.,
et al.,

       Defendants.
_____/

## OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S JUNE 23, 2014 REPORT AND RECOMMENDATION [ECF NO. 42] AND DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [ECF NO. 18]

On April 7, 2014, Plaintiff initiated this pro se lawsuit against Defendants. He filed a motion for default judgment on May 2, 2014, which this Court subsequently referred to Magistrate Judge R. Steven Whalen for a Report and Recommendation ("R&R") pursuant to 28 U.S.C. § 636(b)(1)(B). Defendants filed an Answer to Plaintiff's Complaint on May 6, 2014.

Magistrate Judge Whalen issued his R&R on June 23, 2014, recommending that this Court deny Plaintiff's motion. (ECF No. 42.) Magistrate Judge Whalen reasoned that Plaintiff may not obtain a default judgment where there has been no Clerk's Entry of Default. (*Id*. at 2-3.) He further reasoned that Plaintiff had not properly served Defendants with a Summons and copy of the Complaint. (*Id*. at 3-4.) At the conclusion of his R&R, Magistrate Judge Whalen advises the parties that they

have fourteen days to file objections. Plaintiff filed objections on June 30, 2014. (ECF No. 43.)

When objections are filed to a magistrate judge's R&R on a dispositive matter, the district court makes a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. 28 U.S.C. § 636(b)(1). The court, however, is not required to articulate all of the reasons it rejects a party's objections. *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). A party's failure to file objections to certain conclusions of the R&R waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

In his objections to the R&R, Plaintiff makes several arguments. None of those arguments have merit and they reflect Plaintiff's lack of understanding of the Federal Rules of Civil Procedure. For example, Plaintiff cites to Federal Rule of Civil Procedure 5 to demonstrate proper service of the Summons and Complaint on Defendants. Rule 4, not Rule 5, however, is applicable to service of the Complaint and Summons. Although Magistrate Judge Whalen did not address the various rules applicable to service on the distinct defendants (e.g., an individual defendant as

opposed to a corporate defendant), the Court concurs with his finding that Plaintiff failed to properly serve Defendants.

Further, Plaintiff fails to understand that regardless of whether there is a request for a sum certain, a Clerk's Entry of Default is a prerequisite to seeking a default judgment. *See* Fed. R. Civ. P. 55; *Hessein v. Union Cnty. Prosecutors Office*, 569 F. App'x 99, 101 (3d Cir. 2014) (citing *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998)); *see also Vongrabe v. Spring PCS*, 312 F. Supp. 2d 1313, 1318 (S.D. Cal. 2004). No Clerk's Entry of Default was entered before Plaintiff filed the motion for default judgment.

This Court therefore concurs with Magistrate Judge Whalen that Plaintiff was not entitled to a default judgment against Defendants and adopts the R&R.

Accordingly,

**IT IS ORDERED**, that Plaintiff's Motion for Default Judgment [ECF No. 18] is **DENIED**.

                                              s/ Linda V. Parker
                                              LINDA V. PARKER
                                              U.S. DISTRICT JUDGE

Dated: January 16, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, January 16, 2015, by electronic and/or U.S. First Class mail.

                                              s/ Richard Loury
                                              Case Manager